IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICARDO MANDRELL MOBLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-131 |
| | ) | (Formerly CR 115-063) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at Edgefield Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Clerk of Court **SHALL SERVE** the United States Attorney with this Order and a copy of the § 2255 motion.

The Court **DIRECTS** Respondent to file an answer or response within sixty days of the date of this Order, and Petitioner shall furnish the United States Attorney in Augusta, Georgia, with copies of all future motions or papers filed in this case. No discovery shall be had by either party without leave of Court.

Petitioner also filed a motion for appointment of counsel. On July 12, 2016, United States District Judge Dudley H. Bowen, Jr., entered an order explaining the Court intended to re-characterize this motion as a first § 2255 motion unless Petitioner notified the Court of his intention to contest the re-characterization, withdraw the motion, or amend the motion to include any § 2255 claims other than those based on Johnson v. United States, 135 S. Ct.

2551 (2015). See CR 115-063, doc. no. 98. In response to Judge Bowen's Order, Petitioner filed the § 2255 motion to which, as set forth above, Respondent must file an answer or response within sixty days. Thus, the Court turns its attention to the original request for appointed counsel.

There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[1]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed, there is no federal constitutional right" to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 147 (2016 ed.).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his reformulated § 2255 motion detailing his underlying criminal proceedings and citing recent case law, statutes, and provisions of the United States Sentencing Guidelines. Moreover, at this early stage in the case, any concerns about needing counsel for an evidentiary hearing are premature. Therefore, the motion for appointment of counsel is **DENIED**. CR 115-063, doc. no. 97.

SO ORDERED this 10th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA