IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICARDO MANDRELL MOBLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-131 |
| | ) | (Formerly CR 115-063) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. Because Petitioner did not, despite receiving additional time, (doc. no. 7), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 5), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I. BACKGROUND**

    **A. Indictment and Agreement to Plead Guilty**

On June 2, 2015, the grand jury in the Southern District of Georgia charged Petitioner and two co-defendants in a three-count indictment with Armed Bank Robbery, Conspiracy to Use a Firearm During a Violent Crime, and Using Carrying, and Brandishing a Crime of

Violence. United States v. Mobley, CR 115-063, doc. no. 1 (S.D. Ga. June 2, 2015) (hereinafter "CR 115-063"). The Court appointed attorney Brooks K. Hudson under the Criminal Justice Act to represent Petitioner. Id., doc. no. 11.

On September 9, 2015, Petitioner appeared with counsel and pled guilty to Count Three of the indictment: Using, Carrying, and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c). Id., doc. nos. 57-59. Both the indictment and the written plea agreement delineated Armed Bank Robbery, as charged in Count One of the indictment, as the crime of violence upon which Count Three was predicated. Id., doc. no. 1, p. 3; doc. no. 58, pp. 1-2. In exchange for the guilty plea, the government agreed to (1) dismiss the remaining two counts in the indictment; (2) not to object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater prior to the acceptance of responsibility reduction; and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or requesting a reduction of Petitioner's sentence under Fed. R. Crim. P. 35 Id., doc. no. 58.

For his part, Petitioner admitted the factual basis for his guilty plea, and he agreed to waive the right to file a direct appeal of his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id. at 1-2, 5. Petitioner further waived his right to collaterally attack his conviction and sentence for any reason except for raising a claim of ineffective assistance of counsel. Id. at 6.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). As explained in the PSI, pursuant to U.S.S.G. § 2K2.4(b), the Guideline sentence for a conviction under 18 U.S.C. § 924(c) is the minimum statutory term of imprisonment, which in this case is eighty-four months (seven years). PSI ¶¶ 26, 59. Petitioner did not raise any objections to the PSI. See PSI Add.; CR 115-063, doc. no. 101, Sent. Tr., p. 2. Granting Petitioner the benefit of the government's motion for downward departure under § 5K1.1, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner on December 1, 2015, to a term of imprisonment of seventy-two months, to be served consecutively to any sentence imposed for violating the terms of supervised release in Petitioner's prior case, United States v. Mobley, CR 111-093 (S.D. Ga. Mar. 3, 2011) (hereinafter "CR 111-093").[1]  CR 115-063, doc. nos. 77, 79, 80, 101. Judgment entered on December 3, 2015. Id., doc. no. 80.

### C. Post-Conviction Proceedings

Consistent with the plea agreement and the Post-Conviction Consultation Certification signed by Petitioner and his counsel, Petitioner did not file a direct appeal. Id., doc. no. 58, p. 5; doc. no. 78, pp. 2-3. However, on June 23, 2016, Petitioner filed a motion requesting the Court appoint counsel to determine whether he was entitled to

---

[1] On December 15, 2015, United States District Judge J. Randal Hall sentenced Petitioner to twenty-four months of imprisonment for violating the terms of his supervised release. CR 111-093, doc. no. 92.

3

relief based on Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015). Id., doc. no. 97. In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563.

The Court notified Petitioner of its intention to re-characterize the motion to appoint counsel as a § 2255 motion and instructed Petitioner to respond within thirty days indicating whether he wished to withdraw the motion or whether he wished to amend the motion to assert any other § 2255 claims. CR 115-063, doc. no. 98. Petitioner responded with the instant § 2255 motion, signed on August 3, 2016, but filed at the Court's instruction in a civil action with a *nunc pro tunc* filing date of June 23, 2016. Id., doc. nos. 98, 99. In his § 2255 motion, Petitioner raises three grounds for relief. (Doc. no. 1, pp. 4-5.)

Petitioner primarily argues that after Johnson, the predicate offense for his § 924(c) conviction – armed bank robbery – no longer qualifies as a crime of violence. (Id.) In support of this theory, he posits that because no one was physically hurt or injured during the bank robbery, the crime should not be categorized as violent under § 924(c). He also argues that despite his guilty plea and concomitant admission of facts necessary to satisfy the elements of the offense charged in Count Three of indictment, he could not be guilty of the offense because he did not actually possess the gun used in the armed robbery. (Id.) Finally, Petitioner asserts that because he received the benefit of a § 5K1.1 motion, Judge Bowen should not have made his seventy-two month sentence run consecutive to the period of incarceration ordered by Judge Hall upon the revocation of his supervised release in CR 111-093. (Id. at 7.)

4

Respondent moves to dismiss the § 2255 motion on the grounds (1) <u>Johnson</u> does not have any impact on Petitioner's sentence because armed bank robbery still qualifies as a crime of violence, (2) Petitioner's claims are procedurally defaulted because he did not raise them on direct appeal, and (3) Petitioner waived his right to file a collateral attack on any ground. (<u>See</u> doc. no. 5.) The motion to dismiss is deemed unopposed because Petitioner did not file a response. <u>See</u> Loc. R. 7.5. Because Respondent did not provide the Court with a transcript of the guilty plea hearing, and because the Court finds the § 2255 motion is due to be dismissed based on the first two grounds raised by Respondent, the Court declines to address the waiver argument.

## II. DISCUSSION

### A. <u>Johnson</u> Affords Petitioner No Relief.

#### 1. <u>Johnson</u> Invalidated the Residual Clause of the ACCA.

As stated above, in <u>Johnson</u>, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. <u>Johnson</u>, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). <u>Johnson</u> did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. <u>Johnson</u>, 135 S. Ct. at 2563. Thus, after <u>Johnson</u> invalidated the residual clause of the ACCA, an enhancement may still be

5

validly applied based on an offense falling within the "elements clause" of the ACCA, which defines a qualifying predicate "violent felony" as any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another . . . ." Id. § 924(e)(2)(B).

Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

### 2. Petitioner's Sentence Was Not Enhanced Under the ACCA, But Even if Johnson Applied to the Residual Clause of § 924(c), Petitioner Is Not Entitled to Relief.

As explained *supra*, Johnson specifically ruled on § 924(e)(2)(B), not § 924(c)(3)(B). Nevertheless, although the Eleventh Circuit has taken note of the differing language and statutory purpose of the ACCA and § 924(c), see In re Colon, 826 F.3d 1301, 1303-04 & n.2, it considers the issue of whether Johnson applies to § 924(c)'s residual clause an open question.

See In re Hines, 824 F.3d 1334, 1336-37 (11th Cir. 2016); In re Pinder, 824 F.3d 977, 978-79 (11th Cir. 2016). However, even if Johnson rendered unconstitutional the crime of violence definition in § 924(c)(3)(B), Petitioner's conviction would be valid under § 924(c)(3)(A)'s requirement that the underlying felony offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." In re Hines, 824 F.3d at 1337.

Petitioner pled guilty to Count Three of the indictment—Using, Carrying, and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). CR 115-063, doc. nos. 1, 58. The crime of violence is specifically identified as the Armed Bank Robbery charged in Count One of the indictment. Id., doc. no. 1, p. 3; doc. no. 58, p. 1. By entering his guilty plea, Petitioner agreed "he is in fact guilty" of Count Three and verified the facts of the armed bank robbery and using, carrying, and brandishing a firearm to carry out the robbery.[2] Id., doc. no. 58, pp. 1-2.

Thus, although the government agreed to dismiss the Count One as part of the plea agreement, Petitioner admitted to the factual basis and essential elements of the § 924(c) offense, which includes the armed bank robbery predicate. Id., doc. no. 58, pp. 1-2 (identifying the elements of the § 924(c) offense, including committing the armed bank robbery charged in Count

---

[2]Petitioner's secondary argument he never actually possessed the gun is a red herring. Defense counsel specifically discussed at sentencing that a co-defendant was the one who brandished the firearm while Petitioner held the bag for the tellers to turn over the money. Sent. Tr., p. 5. Moreover, the government explained Petitioner admitted to aiding and abetting in the § 924(c) charge, as "he was not the person who was holding the firearm during the offense." Id. at 13. Count Three of the indictment charges all three Defendants, "aided and abetted by each other and others" committed the § 924(c) offense. Thus, his § 924(c) conviction does not depend on whether he actually held or possessed a firearm during the armed bank robbery.

One and during that armed robbery, "knowingly brandish[ing] a firearm, or aid[ing] and abet]ing] the same"). The Eleventh Circuit has held a "conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense." United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005). Rather, the predicate offense only must "be one that 'may be prosecuted.'" Id.

Consequently, even if Johnson invalidates § 924(c)'s residual clause in 18 U.S.C. § 924(c)(3)(B), Petitioner satisfied the use-of-force clause in 18 U.S.C. § 924(c)(3)(A) based on the charged predicate offense of armed bank robbery. See id. (affirming § 924(c)(1)(A) conviction even though the defendant was not convicted of the predicate offense); In re Hines, 824 F.3d at 1337 ("armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.") Accordingly, Johnson does not provide Petitioner with a basis for relief.

**B.     Even if Johnson Applied to Petitioner's Conviction, All of His Claims Are Procedurally Defaulted Because He Failed to Raise Them on Direct Appeal.**

A prisoner seeking collateral relief must clear "a significantly higher hurdle than would exist on direct appeal." Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)). "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual

8

development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

Here, Petitioner did not file an appeal. His plea agreement contained an appeal waiver that "explicitly and irrevocably" instructed his attorney not to file an appeal because the three exceptions to waiver did not apply in this case. CR 115-063, doc. no. 58, p. 5. But even without the plea transcript to verify the validity of the waiver, and assuming for the sake of argument the waiver provision could not be enforced, Petitioner and his counsel signed a Post-Conviction Consultation Certification verifying they discussed the advantages and disadvantages of filing an appeal, as well as conducted a thorough inquiry about any interest in appealing and the consequences of failing to appeal – including waiving the right to raise future challenges in a § 2255 proceeding. Id., doc. no. 78. Petitioner affirmed, "I have decided not to file an appeal." Id. at 3. Nor did Petitioner raise any objections to the PSI or objections at sentencing, even though defense counsel and the government discussed it was a co-defendant who brandished the firearm and Judge Bowen announced the seventy-two month sentence would run consecutive to the sentence imposed for the supervised release revocation. Sent. Tr., pp. 2, 5, 13, 16. Because Petitioner did not raise any of his current claims, Johnson-based or otherwise, they are barred in these § 2255 proceedings.

Nor are there any circumstances presented which could overcome this bar. Specifically, a procedural bar or default cannot be overcome unless the § 2255 movant can demonstrate a cause for this default and show actual prejudice from the error of which he

9

complains. Brown, 720 F.3d at 1333; Montano, 398 F.3d at 1280. "Cause" requires a showing of some external impediment that prevented a claim from previously being raised. See Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." Frady, 456 U.S. at 170.

> In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."

Montano, 398 F.3d at 1280 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Given Petitioner admitted the factual basis for his conviction as part of his guilty plea, and given Petitioner specifically verified after his sentencing he did not want to file an appeal, a decision that was explained to him could result in waiving his ability to raise claims in a § 2255 proceedings, he cannot satisfy the cause and prejudice or actual innocence exceptions to the procedural bar. Therefore, he is not entitled to the relief he seeks, and Respondent's motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 5), that Petitioner's § 2255 motion

10

be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 15th day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA